**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.  No. 02-4955

ATARAH MCQUINN,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-02-95)

Submitted: July 29, 2003

Decided: August 13, 2003

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**COUNSEL**

David Lassiter, Jr., JEFFERSON & LASSITER, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Robert E. Trono, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Atarah McQuinn seeks to appeal her conviction and sentence for conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000), and distribution of five grams or more of cocaine base, a violation of 21 U.S.C. § 841 (2000). She also appeals the order of the district court denying her motion to withdraw her guilty plea. The Government has moved to dismiss the appeal as waived pursuant to a waiver of appellate rights contained in the plea agreement. For the reasons stated below, we dismiss the appeal on the Government's motion as to McQuinn's sentencing claims and affirm the district court's order denying her motion to withdraw her guilty plea.

"[A] waiver of appeal rights in a plea agreement will not bar appellate review of the denial of a motion to withdraw the underlying guilty plea when the plea-withdrawal motion incorporates a colorable claim that the plea agreement itself—and hence the waiver of appeal rights that it contains—is tainted by constitutional error." *United States v. Attar*, 38 F.3d 727, 733 n.2 (4th Cir. 1994). McQuinn claims her plea was unknowing and involuntary. We find that this claim is outside the scope of the waiver, and thus deny the Government's motion with respect to this claim, and proceed to review the district court's order.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports her request to withdraw her plea. *Id.* McQuinn cannot meet this standard, and the district court did not abuse its discretion in denying the motion to withdraw her guilty plea. We therefore affirm its order.

McQuinn raises two claims regarding her sentence. The plea agreement specifically included a waiver of McQuinn's right to appeal her sentence. A waiver of appeal provision in a valid plea agreement is enforceable if it resulted from a knowing and intelligent decision to forgo an appeal. *Attar*, 38 F.3d at 731; *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000). We conclude that McQuinn knowingly agreed to the waiver. Therefore, as to McQuinn's challenge to her sentence, we grant the Government's motion and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*